UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MINH VAN THI, Petitioner, v. JASON KNIGHT, *et al.*, Respondents. | Case No. 2:26-cv-03554-MMD-EJY<br>ORDER |

## I. SUMMARY

Petitioner Minh Van Thi, an immigration detainee challenging his ongoing federal detention at Henderson Detention Center, filed a counseled petition for federal habeas corpus relief under 28 U.S.C. § 2241. (ECF No. 1 ("Petition").)[1] For the reasons discussed below, the Court grants the Petition pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), and orders Thi released.

## II. BACKGROUND

Thi is a refugee from Vietnam who came to the United States around 1975 when he was approximately five years old. (ECF No. 1 at 2.) He has lived continuously in the United States since his arrival. (*Id.*) Thi was detained on September 21, 2011, was charged as removable based on criminal convictions from when Thi was between the ages of 18 and 23. (*Id*. at 3.) Thi was ordered removed to Vietnam on November 2, 2011, but he was never removed, instead being released from custody on an order of supervision. (*Id*.) Thi continued to comply with all conditions of his release, but he was detained again on May 20, 2026, during a traffic stop by ICE. (*Id*. at 4.) There is no

[1]Respondents filed a response (ECF No. 7) to which Petitioner replied (ECF No. 8).

evidence in the record that ICE has obtained a travel document for Thi from Vietnam.

**III. DISCUSSION**

Thi argues in his Petition that his continued detention violates his Fifth Amendment right to due process and 8 U.S.C. § 1231(a)(6) because his removal is not reasonably foreseeable and he is not subject to mandatory detention. (ECF No. 1 at 9-12.) Respondents argue Thi is subject to mandatory detention under 8 U.S.C. § 1231(a)(2) & (5) because he was allegedly issued a reinstatement of a prior final order of removal within the past 90 days. (ECF No. 30 at 7-9.) The Court agrees with Thi and grants the Petition on these grounds.

Individuals with final removal orders are subject to mandatory detention during a 90-day "removal period". *See* 8 U.S.C. §§ 1231(a)(1), (2)(A). This 90-day removal period generally begins on the date a removal order becomes final. *See id.* at § 1231(a)(1)(B). While the Attorney General has discretion to detain noncitizens beyond the 90-day removal period, the Supreme Court held that due process imposes an "implicit limitation" on that discretion. *See id.* at § 1231(a)(6); *Zadvydas*, 533 U.S. at 689. Indefinite detention "would raise a serious constitutional problem" under the Fifth Amendment. *Zadvydas*, 533 U.S. at 690. In *Zadvydas*, the Supreme Court "held that [a non-citizen] may be detained only for 'a period reasonably necessary to bring about that [non-citizen's] removal from the United States.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (quoting *Zadvydas*, 533 U.S. at 689). The Court found it "practically necessary to recognize some presumptively reasonable period of detention" to effectuate removal and adopted six months "to guide lower court determinations." *Zadvydas*, 533 U.S. at 702. The Supreme Court rejected a rigid application of this six-month period, reasoning that a detainee is not guaranteed release after six months. *See id.* Correspondingly, the government is not guaranteed the right to hold a noncitizen for at least six months. See *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line . . . and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."). The six-month presumption may be

rebutted where there is no significant likelihood of removal in the reasonably foreseeable future. *See Douglas v. Baker*, No. 25-CV-2243-ABA, 2025 WL 2997585, at *2 (D. Md. Oct. 24, 2025); *Munoz-Saucedo v. Pittman,* 789 F. Supp. 3d 387, 395-97 (D.N.J. 2025); *Alkarori*, 2026 WL 266756, at *2.

First, Thi is no longer subject to mandatory detention. Even if the Court disregards Thi's prior detention, he has been detained since May 20, 2026—almost six months ago. (ECF No. 1 at 9.) The 90-day mandatory removal period therefore ended in August. And the Court finds no merit to Respondents' argument that Thi is subject to some reinstatement of a final order of removal that places him within the 90-day window. (ECF No. 7 at 2-3.) Respondents have provided no document in support of this allegation and in fact mistakenly allege that Thi is subject to a prior final order of removal to Mexico—to which Thi has no connection—rather than Vietnam. (*Id*. at 2.)

Moreover, even assuming Thi's detention still falls within the *Zadvydas* six-month presumption, the Court finds that Thi has rebutted the presumptive reasonableness of his continuing detention. Thi claims that no request for travel documents from Vietnam have been made yet, and Respondents do not contest this claim. (ECF No. 1 at 6.) Thi has had a final order of removal since 2011. The government has failed to effectuate removal since that time, and Respondents have made no argument or presented any evidence that it will be successful in the near future. The Court therefore concludes that Thi's continued detention is unlawful and grants the Petition.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that Thi's Petition (ECF No. 1) is granted. Respondents must immediately release Thi no later than 5:00 PM on Tuesday, November 10, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining

reasonable terms of supervision shall not in any way impede the immediate release of Thi.

It is further ordered that the parties shall file a joint status report by Thursday, November 12, 2026, confirming Respondents' compliance with this Order.

It is further ordered that Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is denied as moot.

DATED THIS 9th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE